IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No._____ |
| | ) |
| PAYNEARME, INC., 7-ELEVEN, INC. and | ) **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Walker Digital, LLC ("Walker Digital"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Walker Digital is a Delaware limited liability company with a place of business located at Two High Ridge Park, Stamford, Connecticut 06905. Walker Digital is a research and development laboratory that has been the genesis for many successful businesses, including Priceline.com and Synapse Group, Inc.

2. Defendant PayNearMe, Inc. is a Delaware corporation with, upon information and belief, a place of business located at 292 Gibraltar Drive, Suite 104, Sunnyvale, California 94089.

3. Defendant 7-Eleven, Inc. ("7-Eleven") is a Texas corporation with, upon information and belief, a place of business located at One Arts Plaza, 1722 Routh Street, Suite 1000, Dallas, Texas 75201.

4. Upon information and belief, 7-Eleven has registered with the Delaware Secretary of State to conduct business in Delaware.

5. Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with, upon information and belief, a place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

6. As described in further detailed below, PayNear Me provided by PayNearMe, Inc. to and used by 7-Eleven and Amazon infringe Walker Digital's patent.

## JURISDICTION AND VENUE

7. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

8. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

9. Upon information and belief, each Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

10. Venue is proper in this District pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

11. On April 30, 2002, United States Patent No. 6,381,582 (the "'582 patent"), entitled "Method And System For Processing Payments For Remotely Purchased Goods" and listing Jay S. Walker and Andrew S. Van Luchene as inventors, was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '582 patent is attached hereto as Exhibit A.

12. Walker Digital is the assignee and owner of the right, title and interest in and to the '582 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**FACTUAL BACKGROUND**

13. Walker Digital is a research and development laboratory that has invested many millions of dollars in the development of its intellectual property. Walker Digital is comprised of a diverse group of inventors who solve business problems by studying human behavior and designing innovative solutions utilizing modern information technologies. Walker Digital's invention team has created a portfolio of more than 200 U.S. and international patents in a wide range of industries that include retail, vending, credit cards, security, gaming, educational testing and entertainment. Jay Walker, the chairman of Walker Digital, is best known as the founder of Priceline.com, which brought unprecedented technology and a new level of value to the travel industry. The business processes that guide Priceline.com's success were created in the invention lab of Walker Digital. As an inventor, Mr. Walker is named on more than 450 issued and pending U.S. and international patents.

14. Walker Digital has invested large sums of money to develop the inventions of Mr. Walker and the team of innovators. This investment was used for many things, including the development of laboratory facilities to assist with the development and testing of new inventions which, in turn, generated additional new inventions. Many of these new inventions have been the genesis for successful businesses, including Priceline.com and Synapse Group, Inc. Revolutionary technologies, including the method and system for processing payments for remotely purchased goods claimed in the '582 patent, were a direct result of that investment.

15. The '582 patent represents important advances in the field of remote payment processing. The subject matter of the '582 patent includes, but is not limited to, allowing remote purchasers, including online shoppers, to place orders for remote goods

and subsequently make payment at a local point of sale terminal.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,862,582

16. Walker Digital repeats and realleges the allegations of paragraphs 1 through 15 as if fully set forth herein.

17. The allegations of infringement contained herein arise, at least in part, out of the same series of occurrences relating to the use of the same accused products or processes, including but not limited to PayNearMe and products and services based on or using PayNearMe.

18. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants have infringed and continue to infringe at least claim 25 of the '582 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, methods for a remote seller to process payment for the sale of goods, including but not limited to, PayNearMe.

19. Questions of fact common to all Defendants will arise in the action, including questions of fact relating to the infringement of the '582 patent.

20. Walker Digital is entitled to recover from Defendants the damages sustained by Walker Digital as a result of the Defendants' infringement of the '582 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Walker Digital hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Walker Digital requests that this Court enter judgment against Defendants as follows:

A. An adjudication that Defendants have infringed the '582 patent;

B. An award of damages to be paid by Defendants adequate to compensate Walker Digital for Defendants' past infringement of the '582 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Walker Digital's reasonable attorneys' fees; and

D. An award to Walker Digital of such further relief at law or in equity as the Court deems just and proper.

Dated: January 16, 2013

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Walker Digital, LLC*