# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 13-98-GMS |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| PAYNEARME, INC., 7-ELEVEN, INC. and AMAZON.COM, INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

OF COUNSEL:

J. David Hadden
Carolyn Chang
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

*Counsel for PayNearMe, Inc. and
7-Eleven, Inc.*

Todd. M. Siegel
Eliza V. Bechtold
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300

*Counsel for Amazon.com, Inc.*

Dated: April 8, 2013
1101487 / 39907

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants PayNearMe, Inc.,
7-Eleven, Inc., and Amazon.com, Inc.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .........................................................................................................1

    A. Defendants' Motion to Dismiss Is Ripe for Resolution ......................................1

    B. The '582 Patent Claims Are Directed to a Patent-Ineligible Abstract Idea .........4

        1. The '582 Patent Claims Do Not Meet the "Machine-or-Transformation" Test ................................................................................4

            a. The '582 Patent Claims Do Not Meet the Machine Prong ................4

            b. The '582 Patent Claims Do Not Meet the "Transformation" Prong ..6

        2. The '582 Patent Claims Do Not Contain Any Limitations Restricting Them to a Patent-Eligible Application of an Abstract Idea ................................................................................................7

III. CONCLUSION ......................................................................................................9

i

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Bancorp Servs., LLC v. Sun Life Assur. Co.*,
   687 F.3d 1266 (Fed. Cir. 2012) ..........................................................................................*passim*

*Bird Barrier Am., Inc. v. Bird-B-Gone, Inc.*,
   No. SACV 09-418 AG (RNBx), 2010 WL 761241 (C.D. Cal. Mar 1, 2010) ..........................4

*CyberFone Sys., LLC v. Cellco P'ship*,
   885 F. Supp. 2d 710 (D. Del. 2012) ............................................................................ 3, 4, 5, 6

*Cybersource Corp. v. Retail Decisions, Inc.*,
   654 F.3d 1366 (Fed. Cir. 2011) ..............................................................................................7

*Dealertrack, Inc. v. Huber*,
   674 F.3d 1315 (Fed. Cir. 2012) ..................................................................................... 1, 5, 6

*Deston Therapeutics LLC v. Trigen Labs, Inc.*,
   723 F. Supp. 2d 665 (D. Del. 2010) ........................................................................................4

*Edge Capture LLC v. Barclays Bank PLC*,
   No. 09 C 1521, 2011 WL 494573 (N.D. Ill. Jan. 31, 2011) ................................................2, 3

*Fort Properties, Inc. v. American Masters Lease LLC*,
   671 F.3d 1317 (Fed. Cir. 2012) ..............................................................................................7

*Glory Licensing LLC v. Toys "R" Us, Inc.*,
   C.A. No. 09-4252 (FSH), 2011 U.S. Dist. LEXIS 51888 (D.N.J. May 16, 2011) ...............2, 6

*Investic, LLC v. FactSet Research Systems, Inc.*,
   C.A. No. 10-1028-SLR, 2011 WL 4591078 (D. Del. Sept. 30, 2011) ....................................2

*OIP Techs., Inc. v. Amazon.com, Inc.*,
   No. C-12-1233-EMC, 2012 U.S. Dist. LEXIS 129396 (N.D. Cal. Sept. 11, 2012) ........*passim*

*Progressive Cas. Ins. Co. v. Safeco Ins. Co.*,
   No. 10-cv-1370, 2010 WL 4698576 (N.D. Ohio Nov. 12, 2010) ........................................2, 3

*Sinclair-Allison, Inc. v. Fifth Ave. Physician Servs., LLC*,
   No. 12-cv-360-M, 2012 WL 6629561 (W.D. Okla. Dec. 19, 2012) .......................................2

I.  **INTRODUCTION**

Walker Digital offers two primary arguments in opposition to Defendants' motion to dismiss. Both fail to properly apply the law to the specific facts of this case. First, Walker Digital argues that the motion is premature, particularly because claim construction is not appropriate at the motion to dismiss stage. In making this argument, Walker Digital fails to address recent case law that specifically holds that, on a motion to dismiss, claim construction is not required where plaintiff fails to show how it would alter the § 101 analysis. *OIP Techs., Inc. v. Amazon.com, Inc.,* No. C-12-1233-EMC, 2012 U.S. Dist. LEXIS 129396, at*15 (N.D. Cal. Sept. 11, 2012), *citing Bancorp Servs., LLC v. Sun Life Assur. Co.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012). Other than stating that claim construction should not be conducted at the motion to dismiss stage, Walker Digital fails to identify any dispute over claim scope that requires claim construction to resolve the § 101 issue.

Second, Walker Digital argues that the '582 patent passes the machine-or-transformation test and is not an abstract idea because it requires a computer to implement. Walker Digital, however, ignores that merely tying patent claims to a computer is insufficient to render the claims patent-eligible. *See Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1375 (Fed. Cir. 2012). The fact that inapposite cases have found specific computer implemented inventions patent eligible has no bearing on the facts of this case. Here, the '582 patent claims cover the entire abstract concept of paying for remote purchases at a local retailer and Walker Digital fails to identify any specific element or combination of elements that impose any meaningful limit on the general concept.

II. **ARGUMENT**

  A.   **Defendants' Motion to Dismiss Is Ripe for Resolution**

Walker Digital asks this Court to defer resolution of the patent eligibility of the '582

patent claims, arguing that the issue is not appropriate for resolution at the motion to dismiss stage. In so arguing, Walker Digital fails to address any of the cases relied upon by Defendants in which courts have considered and granted motions to dismiss based on § 101. *See* Defs.' Op. Brief at 6, *citing Sinclair-Allison, Inc. v. Fifth Ave. Physician Servs., LLC*, No. 12-cv-360-M, 2012 WL 6629561, at *5 (W.D. Okla. Dec. 19, 2012) (granting a motion to dismiss pursuant to 12(b)(6) because the business method patent was an unpatentable abstract idea); *OIP Techs.*, 2012 U.S. Dist. LEXIS 129396 at *1 (granting motion to dismiss pursuant to 12(b)(6) based on patent ineligibility under § 101 after finding it proper to consider said motion at the pleading stage); *Glory Licensing LLC v. Toys "R" Us, Inc.*, C.A. No. 09-4252 (FSH), 2011 U.S. Dist. LEXIS 51888, at *4, 18 (D.N.J. May 16, 2011) (finding patent ineligible under § 101 on a 12(b)(6) motion). As established by these cases, Walker Digital's blanket assertion that a determination of patent eligibility cannot be made at the pleading stage is simply unsupported by the law.

Instead, Walker Digital relies on *Investic, LLC v. FactSet Research Systems, Inc.*, C.A. No. 10-1028-SLR, 2011 WL 4591078, at *1 (D. Del. Sept. 30, 2011), where Judge Robinson declined to address the defendants' § 101 motion in the absence of discovery or claim construction. *See* Plf.'s Opp. Brief at 13-14. Judge Robinson did not, however, rule that a § 101 determination is always inappropriate before claim construction. Rather, in *Investic*, the plaintiff specifically identified certain claim terms that needed to be construed for a patent-eligibility analysis, a fact that does not exist in this case. *See Investic*, C.A. No. 10-1028-SLR, Plaintiff's Answering Brief to Motion to Dismiss (D.I. 60) at 5-6.[1] Indeed, since the *Investic* decision,

---

[1] Walker Digital also cites *Edge Capture LLC v. Barclays Bank PLC*, No. 09 C 1521, 2011 WL 494573 (N.D. Ill. Jan. 31, 2011) and *Progressive Cas. Ins. Co. v. Safeco Ins. Co.*, No. 10-cv-1370, 2010 WL 4698576, at *4 (N.D. Ohio Nov. 12, 2010) as two cases denying motions to

2

Judge Robinson has found claims patent-ineligible under § 101 before completion of discovery and claim construction. *CyberFone Sys., LLC v. Cellco P'ship,* 885 F. Supp. 2d 710, 715 (D. Del. 2012). In *CyberFone*, Judge Robinson specifically noted that because the plaintiff failed to explain how claim construction would affect the analysis and why the court would lack a fully understanding of the claimed subject matter without claim construction, it was appropriate to decide the § 101 issue without the benefit of claim construction. *Id*.

Indeed, the Federal Circuit has recognized that "claim construction is not an inviolable perquisite to a validity determination under § 101." *Bancorp Servs.*, 687 F.3d at 1273. Accordingly, in *OIP*, the district court rejected the plaintiff's argument that the § 101 motion to dismiss was premature because certain claim terms had not yet been construed. 2012 U.S. Dist. LEXIS 129396 at *15. In particular, the court noted that the plaintiff failed to explain how claim construction would impact the § 101 analysis and that the mere conclusory assertion that claim construction was needed was insufficient to defeat the motion to dismiss. *Id*.

In this case, Defendants made clear that resolution of its motion does not require any claim construction. Defs.' Op. Brief at 6. Walker Digital offers nothing more than the conclusory assertion that claim construction should proceed first.[2] It does not identify what

---

dismiss based on § 101. The court in *Edge Capture* denied the motion as it was unaware of any precedent under which § 101 could be decided on a motion to dismiss. 2011 WL 494373 at *1. Here, Defendants have cited several cases in which such motions were granted.
    In *Progressive*, the court denied the motion to dismiss on the specific facts of that case, where both parties disputed the meaning of certain claim terms. 2010 WL 4698576 at *3-4. Here, Walker Digital does not identify any claim terms requiring construction and Defendants assert that no claim construction is required.
[2] Walker Digital has previously argued for a deferral of a motion to dismiss based on the need for claim construction, only to then argue at the claim construction phase that no claim construction is necessary. *See Walker Digital LLC v. Expedia, Inc., et al.*, C.A. No. 11-313-SLR , District of Delaware, Answering Brief to Motion to Dismiss (D.I. 61) at 5 (arguing need for claim construction) and Joint Claim Construction Statement (D.I. 99) at 2-5 (arguing plain and ordinary meaning for each identified claim term).

3

claim terms it believes requires construction. It does not explain how construction of any terms would affect the § 101 analysis. Nor does it explain why this Court would lack a full understanding of the '582 patent subject matter without claim construction. Thus, as in *CyberFone* and *OIP*, this Court should reject Walker Digital's argument that the '582 patent claims must be construed before the Court can engage in a § 101 analysis.

None of the other cases cited by Walker Digital even address the propriety of a motion to dismiss based on § 101. *See Bird Barrier Am., Inc. v. Bird-B-Gone, Inc.*, SACV No. 09-418-AG (RNBx), 2010 WL 761241, at *3 (C.D. Cal. Mar 1, 2010) (deciding a motion to dismiss claim for pre-issuance damages that required comparison of scope of claim in original application and final issued claims); *Deston Therapeutics LLC v. Trigen Labs, Inc.*, 723 F. Supp. 2d 665 (D. Del. 2010) (declining to decide, at the motion to dismiss stage, issue of non-infringement which required claim construction). Because current caselaw supports deciding patent eligibility at the motion to dismiss stage and because Walker Digital fails to show why any claim construction is necessary at this time, this Court should address the merits of Defendants' motion to dismiss.

    **B.**     <u>**The '582 Patent Claims Are Directed to a Patent-Ineligible Abstract Idea**</u>

        **1.**     **The '582 Patent Claims Do Not Meet the "Machine-or-Transformation" Test**

            **a.**     **The '582 Patent Claims Do Not Meet the Machine Prong**

In addressing the merits, Walker Digital first argues that its patent claims are directed to eligible subject matter because they meet the "machine-or-transformation" test. Specifically, Walker Digital argues that all of the claims require the use of a computer or point-of-sale system to implement the invention. *See e.g.* Plf.'s Opp. Brief at 15-16. It then simply concludes that because the claims require a computer, it meets the machine prong of the test. *Id.* at 17.

Walker Digital's argument fails for two reasons. First, contrary to Walker Digital's

assertion, the plain language of the method claims of the '582 patent do not recite any computer elements. *See e.g.*, '582 patent, claims 1, 8, 25, and 41. While the method claims do recite a point-of-sale system, nothing requires that system to be tied to a specific machine.

Second, even assuming all claims require a computer or other machine component to implement, Walker Digital ignores that the law requires more than simply reciting components to meet the machine prong of the "machine-or-transformation" test. *Dealertrack*, 674 F.3d at 1333 ("Simply adding a 'computer-aided' limitation to a claim covering an abstract concept without more is insufficient to render the claim patent eligible."); *OIP*, 2012 U.S. LEXIS 129396 at *46 ("merely identifying general 'machine elements' does not satisfy the MOTT"). Indeed, the Federal Circuit has held that to meet the machine prong, the machine components must be integral to the claimed invention. *Bancorp,* 687 F.3d at 1278. Walker Digital makes no attempt to explain how the recited machine elements are integral to the performance of the steps of the patent claims. Instead it relies solely on an unpublished district order in *LML Patent Corp. v. JPMorgan Chase & Co.*, 2:08-cv-448 (E.D. Tex. Sept. 20, 2010). The claims in the *LML Patent* case are not, however, analogous to those asserted here by Walker Digital. Furthermore, the decision was issued prior to the Federal Circuit's decision in *Bancorp, Dealertrack,* and other cases relied upon by Defendants here.

When applying the current law to this case, it is clear that Walker Digital fails completely to address how the claimed point-of-sale system or other computer components are integral to the specific steps of the '582 patent claims. Walker Digital asserts that Defendant improperly paraphrases the claims into simplistic generalities. *See* Plf.'s Opp. Brief at 16, *citing CyberFone*, 885 F. Supp. 2d at 716. *CyberFone*, however, specifically states that "analyzing and interpreting a claim by breaking it down into its relevant steps . . . is consistent with Supreme Court

5

precedent" and Federal Circuit guidance. *CyberFone*, 885 F. Supp. 2d at 717. As Defendants explained in their Opening Brief, the claims generally require some combination of the steps of:

- receiving data relating to a purchase of goods;
- generating a code and purchase price of the goods;
- transmitting the code and price to the customer
- generating order data for use by a local seller in receiving payment
- receiving data confirming payment
- generating data to initiate shipment of goods
- receiving payment from the local seller

*See* Defs.' Op. Brief at 11. The steps of receiving, generating, and transmitting data involves nothing more than the most basic computer functions, which the Federal Circuit has found insufficient to meet the machine prong. *Bancorp*, 687 F.3d at 1278 (finding that performance of the most basic function of computers does not impose meaningful limits on claim scope of patent-eligibility purposes). In fact, the '582 patent itself acknowledges that the claims cover the use of any conventional system for order taking ('582 patent at col. 10:19-21), any code that may identify the purchase (*id*. at cols. 11:27-30, 46-49, 56-57), and conventional and commercially available systems (*id.* at cols. 5:46-48; 6:14-17; 7:21-23). The mere inclusion of conventional computers programmed to perform the claimed functions is insufficient to satisfy the machine prong of the "machine-or-transformation" test. *See e.g., Glory Licensing*, 2011 U.S. Dist. LEXIS 51888 at *9; *Dealertrack,* 674 F.3d at 1333 (using a computer as "an obvious mechanism for permitting a solution to be achieved more quickly" is not enough to render a claim patent-eligible).

### b. The '582 Patent Claims Do Not Meet the "Transformation" Prong

Walker Digital goes on to argue its patent claims also meet the "transformation" prong of the "machine-or-transformation" test. Again, Walker Digital advances this argument by disregarding the law. It argues that the '582 patent invention transforms information into a

6

request for shipping of goods. *See* Plf.'s Opp. Brief at 18. But that is simply the transformation of one type of information into another type of information, something the Federal Circuit has explicitly rejected as meeting the transformation prong. *Bancorp*, 687 F.3d at 1273 (finding transformation of raw data into other forms of data is not sufficient); *Cybersource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1370 (Fed. Cir. 2011) ("the mere collection and organization of data . . . is insufficient to meet the transformation prong").

Walker Digital suggests that the '582 patent transforms data into physically existing objects, but at no point identifies what that physical object is. *See* Plf.'s Brief at 17-18. The fact that the invention may have application in the physical world is not enough. *Fort Properties, Inc. v. American Masters Lease LLC*, 671 F.3d 1317, 1322 (Fed. Cir. 2012) (rejecting argument that interaction with real-world or physical objects was enough to render claims patent eligible). In truth, there is no physical object created by the '582 patent claims and no transformation.

### 2. The '582 Patent Claims Do Not Contain Any Limitations Restricting Them to a Patent-Eligible Application of an Abstract Idea

Finally, Walker Digital argues that even if the machine-or-transformation test is not met, its patent claims still do not cover an abstract idea. Specifically, it argues that the claimed invention is not abstract because it is not one that can simply be performed by the human mind without aid of the recited computer components. *See* Plf.'s Opp. Brief at 19 ("A human, unassisted by the invention of the '582 patent, cannot store codes in a database and electronically apply those codes to remote or local orders entered into a POS system.").

But Walker Digital fails to analyze any of its specific claims or claim limitations in making this argument. Meanwhile, Defendants set forth in their opening papers how each of the steps of the '582 patent claims recite nothing more than the abstract concept of paying for a remote purchase at a local retailer. *See* Defs.' Op. Brief at 13-14. As previously explained, other

7

than reciting the general concept of completing a purchase from a remote seller through payment at a local retailer, there are no meaningful limits placed on how orders are made or processed, what codes are used, or how payment is received or processed. For example, claim 41 of the '582 patent requires:

- transmitting an order for goods to a remote merchant;
- receiving a code and a purchase price for said goods from said remote merchant;
- providing said code and said purchase price for use by a point-of-sale system of a local seller;
- submitting said payment to said local seller at said point-of-sale system;
- receiving said goods from said remote seller

'582 patent at col. 16:5-15 (claim 41). These claim limitations require nothing more than placing a remote order for goods, then going to a local seller to identify and pay for that order.

Indeed, contrary to Walker Digital's conclusory assertion, each of the steps of the '582 patent claims is part of an abstract concept that can be performed by a human through verbal communication or use of a pen or pencil. A person can verbally place an order for goods through the telephone or word-of-mouth. The remote seller can then verbally convey a code and purchase price that the customer can simply write down on a piece of paper. Once that information is brought to a local seller, the local seller can apply those codes to remote or local orders by comparing a hand-written log of available products and orders, for example. And the local seller can manually update a point-of-sale system with remote and local orders by manually writing down the orders and order codes into a point-of-sale record system, which can be a written log. There is no element limiting the claims to a specific or novel way of performing this abstract concept. Accordingly, this Court should grant Defendants' motion and find that the '582 patent claims are ineligible for patent protection under §101.

## III. CONCLUSION

For the foregoing reasons, defendants PayNearMe, Inc., 7-Eleven, Inc. and Amazon.com, Inc. respectfully request that this Court dismiss plaintiff Walker Digital, LLC's complaint for failure to state a claim based on the grounds that the claims of the asserted patent cover patent ineligible subject matter under §101.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| J. David Hadden<br>Carolyn Chang<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA 94041<br>Tel: (650) 988-8500<br><br>*Counsel for PayNearMe, Inc. and 7-Eleven, Inc.* | By: */s/ David E. Moore*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com |
| Todd. M. Siegel<br>Eliza V. Bechtold<br>KLARQUIST SPARKMAN, LLP<br>One World Trade Center<br>121 S.W. Salmon Street, Suite 1600<br>Portland, OR 97204<br>Tel: (503) 595-5300 | *Attorneys for Defendants PayNearMe, Inc., 7-Eleven, Inc., and Amazon.com, Inc.* |

*Counsel for Amazon.com, Inc.*

Dated: April 8, 2013
1101487 / 39907

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 8, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 8, 2013, the attached document was Electronically Mailed to the following person(s):

Stamatios Stamoulis
Richard C. Weinblatt
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE  19809
stamoulis@swdelaw.com
weinblatt@swdelaw.com

By:  /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1093348/39907/39922